IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Kenneth Lee Holbert, Jr., ) | |
| ) | |
| ) | Civil Action No. 6:15-4615-HMH-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Greenville Technical College, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff, who is proceeding *pro se*, is a resident of Easley, South Carolina. The defendant, Greenville Technical College, is the plaintiff's former employer. The plaintiff's employment at Greenville Technical College was terminated in January 2007.

**The Plaintiff's Prior Case Against the Defendant**

The plaintiff's termination by Greenville Technical College was the subject of a *pro se* employment discrimination action, *Kenneth L. Holbert, Jr. v. Greenville Technical College*, Civil Action No. 6:11-2846-HMH-KFM, brought pursuant to the Americans with Disabilities Act on October 19, 2011. In an order filed in Civil Action No. 6:11-2846-HMH-KFM on November 8, 2011, the undersigned granted the plaintiff's motion for leave to proceed *in forma pauperis* and directed the plaintiff to bring the case into "proper form" by submitting a summons and Form USM-285. The plaintiff did so. On December 9, 2011, the undersigned authorized service of process. The defendant filed a motion to dismiss on January 19, 2012. On January 20, 2012, the undersigned issued a *Roseboro* order to apprise the plaintiff of dispositive motion procedure. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). The plaintiff filed his response on February 24,

2012. On March 5, 2012, the defendant filed a reply. On March 14, 2012, the plaintiff filed a sur reply, and on March 14, 2012, filed an amended sur reply.

In a Report and Recommendation (doc. 32) filed in Civil Action No. 6:11-2846-HMH-KFM on June 27, 2012, the undersigned recommended that the defendant's motion to dismiss be granted. *See Holbert v. Greenville Technical College*, Civil Action No. 6:11-2846-HMH-KFM, 2012 WL 2923248 (D.S.C. June 27, 2012). The plaintiff filed timely written objections (doc. 35) on July 16, 2012, and filed "corrected" objections (doc. 36) on July 17, 2012. On July 18, 2012, the Honorable Henry M. Herlong, Jr., Senior United States District Judge, adopted the Report and Recommendation and granted the motion to dismiss. *See Holbert v. Greenville Tech. College*, Civil Action No. 6:11-2846-HMH, 2012 WL 2922603 (D.S.C. July 18, 2012) (finding the plaintiff's EEOC charge was untimely). After receiving an extension of time, the plaintiff filed a notice of appeal on September 4, 2012 (Fourth Circuit Docket No. 12-2089). On January 24, 2013, the United States Court of Appeals for the Fourth Circuit affirmed the judgment of this court. *See Holbert v. Greenville Technical College*, 506 F. App'x 242 (4th Cir. Jan. 24, 2013).

**The Complaint in the Above-Captioned Case**

The plaintiff indicates that this action under the Americans with Disabilities Act concerns the termination of his employment in 2007. The plaintiff states that he is bringing this second action against the defendant on the basis of "newly discovered evidence" that was not previously available (doc. 1 at 3). The plaintiff presented this new evidence to the EEOC, which issued a right-to-sue letter on August 10, 2015 (doc. 1-1). The plaintiff also alleges that there was conflict of interest on the part of his attorneys who represented him before state agencies and state courts (doc. 1 at 5–8). In his prayer for relief, the plaintiff seeks back pay, insurance, and "retirement and reimbursement at 2 times my salary and benefits" (*id*. at 9).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The plaintiff is a *pro se* litigant, and thus the plaintiff's pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

As earlier stated, this court granted the defendant's motion to dismiss in the plaintiff's prior case concerning the termination of the plaintiff's employment, Civil Action No. 6:11-2846-HMH-KFM. This court may take judicial notice of the prior case. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); and *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties.").

Notwithstanding the "newly discovered evidence" and the submission of a subsequent administrative charge to the EEOC, the above-captioned case is barred by the doctrine of res judicata. Res judicata bars litigation of all claims or defenses that were available to the parties in the previous litigation, regardless of whether they were asserted or determined in the prior proceeding. *See Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("Res judicata thus encourages reliance on judicial decisions, bars vexatious litigation, and

3

frees the courts to resolve other disputes."); *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991) ("The preclusive affect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for '[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'"); and *Shoup v. Bell & Howell*, 872 F.2d 1178, 1182 (4th Cir. 1989) ("'[J]ustice is better served by attributing finality to judgments . . . than by second efforts at improved results.'").

The plaintiff does not meet the requirements for reopening Civil Action No. 6:11-2846-HMH-KFM on the basis of newly discovered evidence. In *Boryan v. United States*, 884 F.2d 767 (4th Cir. 1989), the United States Court of Appeals for the Fourth Circuit established the requirements for granting a new trial in a civil case based on newly discovered evidence:

> (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.

*Boryan*, 884 F.2d at 771. The aforementioned standard is applicable to both Rule 59 motions and Rule 60 motions. *Id*.

The plaintiff does not meet the fourth and fifth parts of the *Boryan* requirements. The plaintiff states that the information discovered concerning the alleged conflict of interest on the part of his attorney in the state administrative proceedings and state court proceedings constitutes newly discovered evidence. The plaintiff proceeded *pro se* in Civil Action No. 6:11-2846-HMH-KFM, so the alleged conflict of interest on the part of the attorney in state proceedings is not material to the disposition in Civil Action No.

4

6:11-2846-HMH-KFM. Secondly, this newly discovered evidence would not produce a new outcome in Civil Action No. 6:11-2846-HMH-KFM because the dispositive issue in Civil Action No. 6:11-2846-HMH-KFM was the plaintiff's failure to timely file an administrative charge with the EEOC. *See Holbert v. Greenville Tech. College*, Civil Action No. 6:11-2846-HMH-KFM, 2012 WL 2922603, at *1-3 (D.S.C. July 18, 2012).

When a case is subject to summary dismissal or is frivolous, a district court may deny *in forma pauperis* status and dismiss the case, even though the litigant qualifies for *in forma pauperis* status solely based on the financial information provided to the court. *See* 28 U.S.C. § 1915(e)(2)(B), which is cited in *Machado v. Davis*, Civil Action No. 4:11-1758-KDW, 2012 WL 4051123, at *5 n. 6 (D.S.C. Sept. 13, 2012).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process because the above-captioned case is barred by the doctrine of res judicata. It is also recommended that the plaintiff's motion for leave to proceed *in forma pauperis* (doc. 2) be **denied**. The plaintiff's attention is directed to the Notice on the next page.

November 19, 2015                                    s/ Kevin F. McDonald
Greenville, South Carolina                       United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).