IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Kenneth Lee Holbert, Jr., | ) | C.A. No. 6:15-4615-HMH-KFM |
| | ) | |
| Plaintiff, | ) | **OPINION & ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Greenville Technical College, | ) | |
| | ) | |
| Defendant. | ) | |

  This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Kenneth L. Holbert, Jr. ("Holbert") alleges that Greenville Technical College ("Defendant") violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. (See Compl. generally, ECF No. 1.) Holbert has also filed a motion for leave to proceed in forma pauperis. (Mot. for Leave, ECF No. 2.) Magistrate Judge McDonald recommends summarily dismissing this case without prejudice and without service of process, because the case is barred by the doctrine of res judicata. Magistrate Judge McDonald also recommends denying Holbert's motion for leave to proceed in forma pauperis. For the reasons provided below, the court adopts the magistrate

---

[1] The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

judge's Report and Recommendation and summarily dismisses Holbert's action without prejudice and without service of process and denies his motion to proceed in forma pauperis.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Holbert was an employee of the Defendant, whose termination was the subject of a pro se employment discrimination action brought under the ADA in an earlier action before this court on October 19, 2011.  Holbert v. Greenville Tech. Coll., No. 6:11-2846-HMH-KFM, 2012 WL 2923248, at *1-2 (D.S.C. June 27, 2012) (unpublished).  On July 18, 2012, the court adopted the magistrate judge's Report and Recommendation and granted the Defendant's motion to dismiss, because Holbert's Equal Employment Opportunity Commission ("EEOC") employment discrimination charge was untimely.  Holbert v. Greenville Tech. Coll., No. CA 6:11-2846-HMH-KFM, 2012 WL 2922603, at *1-3 (D.S.C. July 18, 2012) (unpublished).  Holbert filed a notice of appeal, and on January 24, 2013, the United States Court of Appeals for the Fourth Circuit affirmed the judgment of this court.  Holbert v. Greenville Tech. Coll., No. 12-2089, 2013 WL 264877, at *1 (4th Cir. Jan. 24, 2013) (unpublished).[2]

On August 14, 2015, after filing another EEOC charge alleging that newly discovered evidence entitled him to relief under the ADA, Holbert received a Dismissal and Notice of Rights from the EEOC.  (Compl. 3, ECF No. 1.)  On November 12, 2015, Holbert filed the instant action as a second action against the Defendant under the ADA concerning his

---

[2] The court may take judicial notice of the prior case.  See, e.g., Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We must note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Mann v. Peoples First Nat'l Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954) (approving the district court's taking judicial notice of prior suit with the same parties).

2

termination of employment on the basis of "newly discovered evidence" that was not previously available.  (Id. at 3, ECF No. 1.)

## II. DISCUSSION OF THE LAW

Holbert filed objections to the Report and Recommendation.  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Holbert's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  However, the court was able to glean one specific objection.  While the magistrate judge considered Holbert's claim of newly discovered information concerning a conflict of interest on the part of his attorney in the state administrative and state court proceedings, Holbert objects to the magistrate judge's failure to consider the other newly discovered evidence from a separate 2014 state civil trial and its corresponding transcript that indicates Holbert's official status as an employee of the Defendant is that he is "not terminated." (Objections 1, 3-4, ECF No. 12.)  This objection is without merit.

Res judicata bars litigation of all claims or defenses that were available to the parties in the previous litigation, regardless of whether they were asserted or determined in the prior proceeding.  See Brown v. Felsen, 442 U.S. 127, 131 (1979) ("Res judicata thus encourages

3

reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes."); Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991) ("The preclusive affect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for '[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'"); Shoup v. Bell & Howell Co., 872 F.2d 1178, 1182 (4th Cir. 1989) ("[J]ustice is better served by attributing finality to judgments . . . than by second efforts at improved results.") (internal quotation marks omitted). However, newly discovered evidence can justify reopening a previous civil action. See Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989). The Fourth Circuit in Boryan established the requirements for granting a new trial in a civil case based on newly discovered evidence. Those requirements are:

> (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.

Id.

Holbert argues that his newly discovered evidence of his employment status satisfies the Boryan requirements. (Compl. 3, ECF No. 1.) Contrary to Holbert's assertions, however, his evidence does not satisfy the fifth prong of the Boryan test. The evidence of his employment status would not alter the outcome in the previous action (Civil Action No. 6:11-2846-HMH-KFM), because the dispositive issue in that action was the plaintiff's failure to

timely file a discrimination charge with the EEOC. <u>Holbert v. Greenville Tech. Coll.</u>, No. CA 6:11-2846-HMH-KFM, 2012 WL 2922603, at *1-3 (D.S.C. July 18, 2012) (unpublished). Based on the foregoing, the court finds his objection is without merit. After a thorough review of the Report and Recommendation and the record in this case, the court adopts the magistrate judge's Report and Recommendation and incorporates it herein.

Therefore, it is

**ORDERED** that Holbert's complaint, docket number 1, is summarily dismissed without prejudice and without service of process. It is further

**ORDERED** that Holbert's motion for leave to proceed in forma pauperis, docket number 2, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
December 9, 2015

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.